UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

GLADYS PEREZ,

     Plaintiff (s),

v.

DANIELLA'S ALF LLC,
d/b/a DANIELLA'S LIFE ALF,
DAMARIS BALLESTER, and
ALEX ALMAGUER, individually,

     Defendants,

_____/

## **COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Gladys Perez, by and through the undersigned counsel, and hereby sues Defendants Daniella'S ALF LLC, d/b/a Daniella's Life ALF, Damaris Ballester, and Alex Almaguer, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid, minimum wages, overtime hours, and retaliation under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff Gladys Perez was a resident of Hillsborough County, Florida, within the Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant Daniella's ALF LLC, d/b/a Daniella's Life ALF (hereinafter Daniella's ALF, or Defendant) is a Florida corporation, having a place of business in Hillsborough County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendants Damaris Ballester and Alex Almaguer were and are now owners/partners/officers/and managers of Daniella's ALF. Defendants Damaris Ballester and Alex Almaguer were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and they are jointly liable for the Plaintiff's damages.

5. All the actions raised in this complaint took place in Hillsborough County, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiff Gladys Perez brings this cause of action as a collective action to recover from the Defendants minimum wages, overtime compensation liquidated damages and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2021, (the "material time") without being adequately compensated.

7. Defendant Daniella's ALF is an Assisted Living Facility that provides room, board, personal, and healthcare services to the elderly and infirm. This Assisted Living Facility is a residential care facility "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Therefore Defendant is an enterprise subjected to FLSA coverage.

8. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer employed Plaintiff GLADYS PEREZ as a non-exempted, full-time caregiver from January 15, 2021, to February 16, 2021 or 4 weeks plus four days.

9. Plaintiff was promised a salary of $500.00 weekly, covering 40 hours of work, or a regular rate of $12.50 an hour.

10. Plaintiff was required to sleep at the facility as a condition for employment and convenient for the Employer.

11. Plaintiff was assigned to work as a caregiver for the elderly and Alzheimer's patients, who resided at Daniella's ALF assisted living facility.

12. The Plaintiff's duties at the residential facility consisted of cooking three meals per day, feeding the patients, cleaning, assisting the elderly patients with daily living activities such as bathing, dressing, grooming, changing diapers, administering medicines, etc.

13. Plaintiff worked seven days per week from Monday to Sunday during the relevant employment period with the Defendants. Plaintiff began to work at 6:00 AM and finished her daily tasks at 10:00 PM (16 hours each day). Every week Plaintiff worked a minimum of 112 hours. Plaintiff was unable to take bonafide lunch hours.

14. Plaintiff stayed alone at the facility, taking care of the needs of elderly and sick patients. After 10:00 PM, Plaintiff was not completely relieved from her responsibility as a caregiver.  Plaintiff frequently had to attend to the needs of ailing patients. Plaintiff was not able to get an uninterrupted night's sleep.

15. Furthermore, Plaintiff was required to sleep at the facility as a condition for employment, but Defendants did not provide Plaintiff with adequate and safe sleeping quarters or living accommodations.  Every night, Plaintiff was

left alone to supervise and take care of the residents, and she was forced to sleep on a sofa in the living room.  Plaintiff was the night "on call" to attend to the needs of patients who could not sleep normally.

16. At least three nights per week, Plaintiff worked 1 hour after 10:00 PM, which represents three additional overtime hours every week. Thus, every week Plaintiff worked a minimum of 115 hours.

17. Plaintiff worked more than 40 regular hours per week, but she was not paid her wages timely.

18. On or about February 10, 2021, Defendants paid Plaintiff for two weeks of work. Plaintiff deposited the check, but it was not honored.  Following the instruction of her employers, Plaintiff cashed the check at the Amscot store a few days later, but the check did not get through, and she had to return the money plus bounced check expenses.

19. Plaintiff complained several times about her unpaid wages, and the owner of the business, Damaris Ballester, promised to fix the problem. Plaintiff continued working, expecting to be paid.

20. Nevertheless, on or about February 16, 2021, a Plaintiff's family member called the business owner Alex Almaguer to request Plaintiff's due wages. Defendant Alex Almaguer got very upset and used profanities to deny the payment, and he proffered threats against Plaintiff and her relative.

21. On or about February 16, 2021, Plaintiff was forced to leave, she had been working four weeks plus four days, and she received only a bad check. After Plaintiff left, she received a threatening call from Damaris Ballester dissuading her to continue her demands for unpaid wages.

22. Moreover, during her entire employment with Defendants, Plaintiff always worked more than 112 hours per week. Nevertheless, Plaintiff never was paid her regular wages, and she was not compensated for overtime hours worked.

23. Plaintiff did not clock-in-and-out, but the Defendants were able to keep track of the hours worked by Plaintiff, and they perfectly knew about the number of hours worked by her.

24. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

25. Plaintiff Gladys Perez seeks to recover unpaid minimum wages and overtime wages accumulated during her entire employment period with Defendants, plus retaliatory damages, liquidated damages, and any other relief allowable by law.

26. Plaintiff also requests the reimbursement of $102.00 corresponding to the expenses caused by the bad check.

Collective Action Allegations

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiff and other similarly situated individuals the proper compensation for regular hours and overtime hours every at the rate of time and one-half their regular rate.

29. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular and overtime hours at the rate of time and one half their regular rate of pay for every hour worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

30. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-29 above as set out in full herein.

31. This cause of action is brought by Plaintiff Gladys Perez  as a collective action to recover from the Defendants overtime compensation, liquidated

damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

32. Defendant Daniella's ALF was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is an assisted living facility that provides room, board, personal, and healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill."  Therefore, there is enterprise coverage.

33. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce.  Plaintiff and those similarly-situated worked as a caregiver at a facility engaged in the care of the sick, the aged, or the mentally ill".  Therefore, there is enterprise individual coverage.

34. For the reasons stated above, Defendant Daniella's ALF must comply with the minimum wage and overtime requirements of the FLSA.

35. Defendants Daniella's ALF Damaris Ballester and Alex Almaguer employed Plaintiff Gladys Perez as a non-exempted, full-time caregiver, approximately from January 15, 2021, to February 16, 2021, or 4 weeks plus four days.

36. Plaintiff was promised a salary of $500.00 weekly, covering 40 hours of work, or a regular rate of $12.50 an hour.

37. Plaintiff was required to sleep at the facility as a condition for employment and convenience for the Employer.

38. Plaintiff was assigned to work as a caregiver for the elderly and Alzheimer's patients residing at Daniella's ALF, assisted living facility.

39. Plaintiff regularly worked 7 days every week during her employment with the Defendants, from Monday to Sunday, from 6:00 AM to 10:00 PM (16 hours each day).  After 10:00 PM, at least three times per week, Plaintiff worked 1 hour or a total of 3 additional overtime hours every week.  Thus, Plaintiff worked a total of 115 hours every week.  Plaintiff was unable to take bonafide lunch hours.

40. Plaintiff worked more than 40 hours per week. However, Plaintiff did not get any payment for regular and overtime hours.

41. Plaintiff did not clock-in-and-out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

Defendants knew about the number of hours worked by Plaintiff and other similarly situated individuals.

42. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

43. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendants' possession and custody. However, the Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees upon information and belief.

44. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments.

46. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

47. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, is as follows:

* Please note that these amounts are based on a preliminary calculation. After proper discovery, the Plaintiff will adjust her statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Six Thousand Seventy-Five Dollars and 00/100 ($6,075.00)

b. <u>Calculation of such wages</u>:

Total period of employment: 4 weeks plus 4 days
Relevant weeks of employment:  4 weeks plus 4 days weeks
Total hours worked:  115 hours weekly
Total unpaid O/T hours: 75 O/T hours
Wage rate:  $12.50 an hour x 1.5= $18.75
O/T rate: $18.75

**1.- Unpaid overtime for 4 weeks**

O/T rate $18.75 x 75 O/T hours=$1,406.25 weekly x 4
Weeks = $5,625.00

**2.- Unpaid O/T for 4 days with 64 hours/24 O/T hours**

O/T rate $18.75 x 24 O/T hours=$450.00

Total # 1, and # 2:  $6,075.00

<u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

48. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

49. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

50. At times mentioned, individual Defendants Damaris Ballester and Alex Almaguer were the owners/partners and operated Daniella's ALF. Defendants Damaris Ballester and Alex Almaguer were the employers of Plaintiff and others similarly situated, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in Daniella's ALF's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Damaris Ballester and Alex Almaguer had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

51. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States and

remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

52. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff Gladys Perez and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Gladys Perez and other similarly situated individuals and against the Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Gladys Perez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Gladys Perez demands trial by a jury of all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

53. Plaintiff Gladys Perez re-adopts every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

54. This action is brought by Plaintiff Gladys Perez and those similarly situated to recover from the Employer Daniella's ALF unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

55. Defendant Daniella's ALF was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). The Defendant is an assisted living facility that provides healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill." Therefore, there is enterprise coverage.

56. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as a caregiver at a facility engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

57. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

58. U.S.C. §206 states "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

      (C) $7.25 an hour, beginning 24 months after that 60th day

59. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer employed Plaintiff Gladys Perez as a non-exempted, full-time caregiver from January 15, 2021, to February 16, 2021, or 4 weeks plus 4 days.

60. Plaintiff was promised a salary of $500.00 weekly, covering 40 hours of work, or a regular rate of $12.50 an hour.

61. Plaintiff was required to sleep at the facility as a condition for employment and convenience for the Employer.

62. Plaintiff regularly worked 7 days per week during her employment with the Defendants, from Monday to Sunday, from 6:00 AM to 10:00 PM.  After 10:00 PM, at least 3 times per week, Plaintiff worked 1 hour or a total of 3 additional overtime hours every week. Thus, Plaintiff worked a total of 115 hours every week.  Plaintiff was unable to take bonafide lunch hours.

63. Plaintiff worked more than 40 hours per week. However, Plaintiff did not get any payment for regular and overtime hours. Defendants did not pay Plaintiff her wages at any rate, not even at the minimum wage rate.

64. Plaintiff did not clock-in-and-out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals. Defendants knew about the number of hours worked by Plaintiff and other similarly situated individuals.

65. Therefore, Defendants failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

66. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

67. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

68. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

69. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    One Thousand Six Hundred Sixty Dollars and 80/100 ($1,660.80)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 4 weeks plus 4 days
    Relevant weeks of employment:  4 weeks plus 4 days
    Total number of unpaid weeks: 4 weeks plus 4 days
    Total number of unpaid regular hours: 40 hours per week
    Florida Minimum wage rate 2021: $8.65

    **1.- Unpaid Minimum wages for 4 weeks**

    Fl minimum wage $8.65x40 hours=$346.00 weekly x 4
    Weeks=$1,384.00

    **2.- Unpaid Minimum wages for 4 days with 32 regular hours**

    Fl minimum wage $8.65x32 hours=$276.80

    Total # 1, and # 2: $1,660.80

    <u>Nature of wages</u>:

    This amount represents unpaid minimum wages at Florida Minimum wage rate.

70. Defendants Daniella's ALF Damaris Ballester and Alex Almaguer unlawfully failed to pay Plaintiff minimum wages.  Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last employment date.

71. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

72. At times mentioned, individual Defendants Damaris Ballester and Alex Almaguer were the owners/partners/ officers and managers of Daniella's ALF. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in Daniella's ALF's interests concerning its employees, including Plaintiff and others similarly situated.  Defendants Damaris Ballester, and Alex Almaguer had financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

73. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer willfully and intentionally refused to pay Plaintiff minimum wages as required by

the United States' law and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

74. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Gladys Perez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Gladys Perez and against the Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Gladys Perez and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

### COUNT III:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

75. Plaintiff Gladys Perez re-adopts every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

76. Defendant Daniella's ALF was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). Defendant is an assisted living facility that provides healthcare services to the elderly and infirm. This assisted living facility is "primarily engaged in the care of the sick, the aged, or the mentally ill."  Therefore, there is enterprise coverage.

77. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce.  Plaintiff and those similarly-situated worked as a caregiver at a facility engaged in the care of the sick, the aged, or the mentally ill".  Therefore, there is enterprise individual coverage.

78. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

79. 29 U.S.C. § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

80. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

81. Likewise, 29 U.S.C. 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

82. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer employed Plaintiff Gladys Perez as a non-exempted, full-time caregiver from January 15, 2021, to February 16, 2021, or 4 weeks plus 4 days.

83. Plaintiff was promised a salary of $500.00 weekly, covering 40 hours of work, or a regular rate of $12.50 an hour.

84. Plaintiff was required to sleep at the facility as a condition for employment and convenience for the Employer.

85. During her employment with the Defendants, Plaintiff regularly worked 7

days per week, from Monday to Sunday, from 6:00 AM to 10:00 PM.  After
10:00 PM, at least 3 times per week, Plaintiff worked 1 hour or a total of 3
additional overtime hours every week. Thus, Plaintiff worked a total of 115
hours every week.  Plaintiff was unable to take bonafide lunch hours.

86. Plaintiff worked more than 40 hours per week. However, Plaintiff did not
get any payment for regular and overtime hours. Defendants did not pay
Plaintiff her wages at any rate, not even the minimum wage rate.

87. Plaintiff did not clock-in-and-out, but Defendants were able to keep track of
the hours worked by Plaintiff and other similarly situated individuals.
Defendants knew about the number of hours worked by Plaintiff and other
similarly situated individuals.

88. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and
overtime hours at the rate of time and one-half her regular rate for every
hour that she worked over forty (40), in violation of Section 7 (a) of the Fair
Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

89. Plaintiff complained several times about the lack of payment with the
owners of the business.

90. These complaints constituted protected activity under 29 U.S.C. 215(a)(3)

91. On or about February 10, 2021, Defendants paid Plaintiff for two weeks of
work. Plaintiff deposited the check, but it was not honored; it was a bad

check.  Following her employers' instructions, Plaintiff cashed the check at the Amscot store a few days later, but she had to return the money plus bounced check expenses.

92. Plaintiff complained several times about her unpaid wages, and the owner of the business, Damaris Ballester, promised to fix the problem. Plaintiff continued working, expecting to be paid.

93. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

94. Nevertheless, on or about February 16, 2021, a Plaintiff's family member, on her behalf, called the owner of the business Alex Almaguer to request Plaintiff's due wages. Defendant Alex Almaguer got very upset and used profanities to deny the payment, and proffered threats against Plaintiff and her relative.  Plaintiff was scared for her physical integrity and left the workplace immediately.

95. On or about February 16, 2021, Plaintiff was forced to resign from her employment with Defendants because Defendants denied the payment of regular and overtime hours, and she received threats and intimidation. Plaintiff could not continue working without adequate payment, and she could not work under deteriorated conditions.

96. Consequently, on or about February 16, 2021, Plaintiff was constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could not accept.

97. After Plaintiff left, she received a threatening call from Damaris Ballester that dissuaded her from continuing her unpaid wages requests.

98. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiff constructively.

99. The termination of Plaintiff Gladys Perez by the Defendants was directly and proximately caused by the Defendants' unjustified retaliation against Plaintiff because she complained about the lack of regular and overtime payment, in violation of Federal Law.

100.     At times mentioned, individual Defendants Damaris Ballester and Alex Almaguer were the owners/partners/ officers and managers of Daniella's ALF. Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in Daniella's ALF's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Damaris Ballester and Alex Almaguer

had financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

101.    Defendants Daniella's Alf, Damaris Ballester, and Alex Almaguer willfully and maliciously retaliated against Plaintiff Gladys Perez by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

102.    The motivating factor which caused Plaintiff Gladys Perez to be fired from the business, as described above, was her complaints seeking regular and overtime wages from the Defendants.  In other words, Plaintiff would not have been fired but for her complaints about overtime wages.

103.    The Defendants' constructive discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

104.    Plaintiff Gladys Perez has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Gladys Perez respectfully requests that this Honorable

Court:

A. Enter judgment declaring that the constructive discharge of Plaintiff Gladys Perez by Defendants Daniella's ALF, Damaris Ballester, and Alex Almaguer was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants Daniella's ALF Damaris Ballester and Alex Almaguer awarding Plaintiff Gladys Perez liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

<u>Demand for a Jury Trial</u>

Plaintiff GLADYS PEREZ demands trial by a jury of all issues triable as of right by a jury.

Dated: March 25, 2021

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*