UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLADYS PEREZ,

    Plaintiff,

v.                                                                   Case No. 8:21-cv-714-CEH-CPT

DANIELLA'S ALF LLC,
d/b/a DANIELLA'S LIFE ALF,
et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff Gladys Perez's motion for a default judgment against Defendants Daniella's ALF LLC (Daniella's ALF), Damaris Ballester, and Alex Almaguer. (Doc. 14). For the reasons discussed below, Perez's motion is denied without prejudice.

I.

Perez initiated this action in March 2021 pursuant to the Fair Labor Standards Act (FLSA) against her former employer, Daniella's ALF, and its owners/managers, Ballester and Almaguer. (Doc. 1).[1] In her complaint, Perez avers, *inter alia*, that she

---

[1] Perez filed her complaint as a collective action (Doc. 1 at 7) but apparently no other plaintiffs have

1

"regularly worked" seven days per week during her tenure at the Defendants' company between January and February 2021, was not paid any compensation for her labor, and was ultimately "forced to leave" her position. *Id*. Based upon these allegations, Perez asserts three counts against the Defendants under the FLSA for failure to pay her the statutorily mandated overtime (Count I) and minimum wages (Count II), as well as for subjecting her to a retaliatory constructive discharge (Count III). *Id*. For relief, Perez seeks, *inter alia*, minimum wages, overtime compensation, liquidated damages, and reasonable attorney's fees. *Id.*

After the Defendants failed to answer or otherwise respond to Perez's complaint, Perez sought and obtained Clerk's defaults against them. (Docs. 7, 8, 11, 12, 13). By way of the instant motion, Perez now requests that the Court enter default judgments against all three Defendants in light of, *inter alia*, the uncontested averments in her complaint and a declaration she attaches to her motion. (Docs. 1, 14-1). The Defendants have not filed any objections to Perez's motion, and the time for doing so has expired. The matter is therefore ripe for the Court's consideration.

II.

Federal Rule of Civil Procedure 55(b) provides that where, as here, a clerk's default has been entered, a plaintiff may apply to either the clerk or the court for the entry of a default judgment. Fed. R. Civ. P. 55(b). Before awarding a default judgment, however, a court must "ensure that it has jurisdiction over the claims and

---

sought to join the matter since then.

parties." *Wagner v. Giniya Int'l Corp.*, 2020 WL 7774385, at *1 (M.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, 2020 WL 7768949 (M.D. Fla. Dec. 30, 2020); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (citation and quotation omitted).

If jurisdiction is established, a court must then ascertain whether "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The burden on the movant in this context is akin to the one borne by a party seeking to defeat a motion to dismiss for failure to state a claim. *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (per curiam) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim.") (citing *Surtain*, 789 F.3d at 1245);[2] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). Thus, a court looks to see whether the complaint contains adequate factual averments, which—if accepted

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

as true—state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If a claim is properly pleaded, a court must then address the issue of damages. In deciding that question, a court may conduct an evidentiary hearing on the matter. Fed. R. Civ. P. 55(b)(2)(B). Such a hearing is not necessary, however, where the sought-after damages constitute a liquidated sum, are capable of mathematic calculation, or "where all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted); s*ee also Perry Ellis Int'l, Inc. v. URI Corp.*, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007) (observing that a court may grant statutory damages "based upon affidavits and other documentary evidence if the facts are not disputed"); *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (finding that there was no need for a hearing where the plaintiff requested statutory damages and "attached detailed declarations with accompanying documentary evidence" to its motion for a default judgment). Resolution of the damages issue is ultimately left to a court's sound discretion. *Axiom Worldwide, Inc. v. Excite Med. Corp.*, 591 F. App'x 767, 775 (11th Cir. 2014); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 912 (11th Cir. 2011) (per curiam).

Each of the above considerations—jurisdiction, liability, and damages—will be addressed in turn.

A.

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. Such laws

include the FLSA. *Nicopior v. Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1284 (S.D. Fla. 2019) ("There is no dispute that the [c]ourt has federal question jurisdiction over [the p]laintiffs' FLSA claim.") (citing 28 U.S.C. § 1331). As a result, the Court has subject-matter jurisdiction over Perez's FLSA claims.

Turning to the matter of personal jurisdiction, that "concept" consists of "two distinct components: amenability to jurisdiction and service of process." *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983); *Prewitt Enters., Inc. v. Org. of Petrol. Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003). "Amenability to jurisdiction" means that a particular defendant is within the substantive reach of the court's jurisdiction under the governing law. *DeMelo*, 711 F.2d at 1264 (citation omitted). Service of process, on the other hand, "is simply the physical means by which that jurisdiction is asserted." *Id.* (citation omitted).

In this case, the Court need not address the amenability to jurisdiction prong relative to Daniella's ALF because Perez fails to meet her burden of showing she properly effectuated service on that entity. *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (per curiam) (noting that a plaintiff bears the ultimate burden of demonstrating that service of process was valid). Federal Rule of Civil Procedure 4(h) governs service of process on limited liability companies, which is what Daniella's ALF appears to be here.[3] Fed. R. Civ. P. 4(h)(1)(A); *Tetra Tech EC, Inc. v. White Holly*

---

[3] The Court is aware that Perez occasionally refers to Daniella's ALF in her complaint and in her motion as a "corporation" and a "corporate defendant," as well as an "LLC." (Docs. 1, 14). Notably, however, Perez does not resolve this discrepancy in her motion even though she bears the burden on

*Expeditions, LLC*, 2010 WL 3259696, at *6 (M.D. Fla. Aug. 16, 2010). Rule 4(h) provides, in pertinent part, that such entities may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, states that an individual may be served in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[4]

In accordance with Rule 4(e)(1), Perez asserts in her motion that Daniella's ALF was "duly served through an employee authorized to accept service in compliance with" Florida Statute § 48.081(3). (Doc. 14 at 6–7). To buttress this assertion, Perez submits a return of service by which the process server attests that he served Daniella's ALF with the summons and complaint through its Registered Agent, Ballester, by leaving those filings with an individual named Elbira Cordova at a residential address in Tampa, Florida. (Doc. 14-3). The process server describes Ms. Cordova as an "Employee--Authorized to Accept" and—like Perez—indicates that service of process was authorized by Florida Statute § 48.081(3), as well as other subsections of that statute. (Doc. 14-3). According to the public records, the residential address where the summons and complaint were left appears to be both the

---

the service of process issue.

[4] Rule 4(h) alternatively allows for service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). This provision is not implicated in this case because Perez does not seek to rely on it. (Doc. 14 at 6–7).

6

principal address for Daniella's ALF and the address for Ballester as the Registered Agent. *See* FLA. DEP'T OF STATE, DIV. OF CORPS., https://search.sunbiz.org (last visited Sept. 7, 2022).

There are several problems with Perez's claim that she properly served Daniella's ALF. As an initial matter, Perez—and the process server—rely on the statute governing service of process upon corporations. *See* Fla. Stat. § 48.081. As noted above, however, Daniella's ALF seems to be a limited liability company. *See* FLA. DEP'T OF STATE, DIV. OF CORPS., https://search.sunbiz.org (last visited Sept. 7, 2022).

This distinction is important because the Florida Statutes set out separate methods for service of process on these two different types of entities, and courts strictly construe such statutes. *ASAP Tree Service LLC v. L.A. Disaster Relief, LLC*, 2022 WL 3596957, at *2 (M.D. Fla. May 18, 2022) (observing that statutes pertaining to service of process are to be "strictly construed") (internal quotation marks and citation omitted). By way of example, Florida Statute § 48.081(3)—which Perez cites here—provides that service of process on a corporation:

> . . . may be served on the agent designated by the corporation under [section] 48.091. However, if service cannot be made on a registered agent because of failure to comply with [section] 48.091, service of process shall be permitted on *any employee at the corporation's principal place of business or on any employee of the registered agent*. A person attempting to serve process pursuant to this paragraph may serve the process on any

7

>employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

Fla. Stat. § 48.081(3)(a) (emphasis added).

On the other hand, Florida Statute § 48.062—which addresses service of process on limited liability companies—states, in relevant part, that "[a] person . . . may serve the process on any employee *of* the *registered agent* during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office." Fla. Stat. § 48.062(1) (emphasis added). Thus, although both sections 48.081(3) (for corporations) and 48.062(1) (for limited liability companies) allow for service of process upon an employee of the registered agent, the latter—unlike the former—does not permit service of process on an employee of the entity itself.

Measured against the above standards, Perez fails to satisfy her burden of establishing that Daniella's ALF was correctly served. Perez does not argue, much less demonstrate, that Ms. Cordova was an employee of Ballester as the Registered Agent as required by 48.062(1), as opposed to an employee of Daniella's ALF. This deficiency alone is fatal to Perez's service of process argument. *See, e.g.*, *Cohan v. Cape Canaveral Foods Grp., LLC*, 2022 WL 1289336, at *2 (M.D. Fla. Apr. 29, 2022) (concluding that the plaintiff failed to prove effective service of process where the process server attested she delivered the summons and complaint to the defendant's office manager but it was not clear whether that person was an employee of the registered agent as required by section 48.062(1) or simply an employee of the defendant); *Maki v. Iolo Glob., LLC*, 2020 WL 13358557, at *3 (M.D. Fla. Oct. 20,

2020) (finding service of process insufficient where the plaintiff submitted an affidavit stating that he served someone at the defendant's principal office along with the notation "authorized to accept" and cited section 48.081 even though the entity purportedly served was a limited liability company); *RCI Hosp. Holdings, Inc. v. Junkyard Saloon/Bombshell's Tavern LLC*, 2020 WL 1934187, at *2 (M.D. Fla. Apr. 22, 2020) ("Effective service of process [on a limited liability company] is not achieved by serving any person you find working at the same address as the registered agent—you must serve an employee *of* the *registered agent*. The Amended Affidavit contains no assertion that Reilly was an employee of Bombshell's registered agent."); *Walters v. Fast AC, LLC*, 2019 WL 13023683, at *2 (M.D. Fla. Dec. 12, 2019) (determining service of process to be inadequate where the verified return of service did not explain the relationship between the registered agent and the person served); *Orange Lake Country Club, Inc. v. Castle Law Grp., P.C.*, 2017 WL 10085022, at *2 (M.D. Fla. Dec. 6, 2017) (deeming service of process to be lacking where the process server alleged he served "John Doe," who was a "manager of [the defendant limited liability company]," because there was no evidence John Doe was either the registered agent of the LLC or an employee of the registered agent).[5]

---

[5] In reaching this conclusion, the Court recognizes that Ballester was served with the complaint in his individual capacity. (Doc. 14-2). Other courts have determined, however, that service upon a defendant in his individual capacity does not constitute service on the company in which the defendant was a principal. *See, e.g., O'Brien v. Jim's Antiques Ltd. of NJ Inc.*, 2016 WL 6433112, at *3 (S.D. Fla. Oct. 31, 2016) ("Despite Alterman's position as president and registered agent of Jim's Antiques, personal service made on Alterman in his individual capacity does not constitute service on Jim's Antiques."); *Winmark Corp. v. Brenoby Sports, Inc.*, 2014 WL 11706427, at *3 (S.D. Fla. May 30, 2014)

Perez may seek to address this infirmity in a renewed motion for a default judgment. If so, Perez must present argument and legal authority establishing that service of process on Daniella's ALF (along with the other two Defendants) was proper.

B.

Perez's motion for a default judgment appears wanting on the matter of liability as well. By way of example, as discussed previously, one of the claims Perez asserts in her complaint is that the Defendants violated the FLSA's anti-retaliation provision by constructively discharging her. (Doc. 1). To establish a prima facie case for such a claim, a plaintiff must prove: (1) she engaged in a protected activity under the FLSA; (2) she subsequently suffered an adverse action by the employer; and (3) there is a causal connection between the employee's protected activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000). Where, as here, the adverse action is a constructive discharge, the Eleventh Circuit has explained—at least in dicta—that it has "traditionally required a high degree of deterioration in an employee's working conditions, approaching the level of intolerable." *Perez v. Anastasia M. Garcia, P.A.*, 701 F. App'x. 938, 941 (11th Cir. 2017) (per curiam)

---

("Here, the proof of service filed by the [p]laintiff does not establish that [defendant] Geimer was served in a corporate capacity—only as an individual. . . . While the record is clear that [d]efendant Geimer is on notice of the lawsuit and the identity of the intended [d]efendants, [the p]laintiff is still required to serve Brenoby Sports according to the applicable Florida statutes."). If Perez seeks to distinguish this authority, she should do so in any renewed motion for a default judgment she files.

10

(describing it as "questionable [whether] such pervasive conduct could occur in the short period of time between the protected activity and [the employees'] resignations").

In this case, Perez alleges that she complained about her unpaid wages and that one of her "family member[s] called [Almaguer] to request [Perez's] due wages," at which time Almaguer "used profanities" and "proffered threats against [Perez] and her relative." (Doc. 1 at ¶¶ 19–21). Perez also avers that she received a "threatening call" from Ballester. *Id.* at ¶ 21.

Perez fails to adequately brief in her motion whether these averments state a valid claim for retaliation under governing Eleventh Circuit precedent. If Perez elects to submit a renewed motion for a default judgment, she must adequately address this issue with citation to relevant legal authority. *See Surtain*, 789 F.3d at 1245; *Chudasama*, 123 F.3d at 1370 n.41.[6]

C.

With respect to the issue of damages, the Court notes only at this juncture that Perez seeks $102 to compensate her for the expenses she incurred in attempting to cash

---

[6] The Court offers no opinion as to whether any of the Defendants are liable under the other FLSA counts asserted by Perez in her complaint.

a bad check provided to her by the Defendants. (Doc. 14 at 16). Perez, however, does not provide any case law supporting this request for relief.

### III.

In light of the above, Perez's motion for a default judgment against the Defendants (Doc. 14) is denied without prejudice. Perez may file a renewed motion for a default judgment or seek to amend her complaint by October 17, 2022. Perez should ensure that any renewed motion for a default judgment she submits fully covers the matters and deficiencies identified in this Order, along with pertinent legal authority indicating how the Court should resolve all of her allegations, including those she has brought on behalf of other plaintiffs who have apparently not sought to join the action.

SO ORDERED in Tampa, Florida, this 13th day of September 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record